UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | NO. 6:18cr70 |
| | § | (Judge Kernodle/Love) |
| DANIEL WAYNE LITTLE, II | § | |

**DEFENDANT'S MOTION FOR CONTINUANCE**
**(UNOPPOSED)**

TO THE HONORABLE JEREMY KERNODLE, JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS:

COMES NOW Defendant DANIEL WAYNE LITTLE, II, by and through his undersigned attorney, and files this, his *Motion for Continuance* pursuant to 18 U.S.C.§3161(h)(7)(A), asking that the Court continue its previously imposed Motions deadline, the deadline by which the parties must notify the Court of a plea agreement, the Pretrial Hearings, and the Trial of this matter to a time to be determined by the Court to meet the ends of justice and in support of such Motion would show this Honorable Court as follows, to-wit:

I.

**PROCEDURAL HISTORY**

1. On November 14, 2018 the Federal Grand jury for the Eastern District of Texas returned an Indictment against, DANIEL WAYNE LITTLE, II. The charges against the Defendant include Thirteen (13) alleged Counts of violations of 185 U.S.C. § 2422(b), Coercion and Enticement.

1

2. On January 24, 2019, the Defendant DANIEL WAYNE LITTLE, II made his initial appearance and the undersigned Counsel from The Office of the Federal Defender was appointed.

3. On January 24, 2019 the detention hearing was waived, the undersigned Counsel from The Office of the Federal Defender was appointed and the Defendant was remanded into the custody of the United States Marshall.

4. On January 24, 2019, U.S. Magistrate Judge Payne entered a Scheduling Order providing, *inter alia*, the following timeline:

   a. February 19, 2019    The plea agreement deadline;

   b. March 4, 2019    Final Pretrial Hearing;

   c. March 11, 2019    Jury Selection and trial.

## II.

## GROUNDS FOR MOTION

1. Defense Counsel was appointed to represent the Defendant twenty six (26) days ago.

2. Counsel has received the Government's first disclosure of the discoverable materials. As of this date, the Defendant is satisfied that the Government has disclosed much of what is required under the Court's Discovery Order as well as under Rule 16 of the Federal Rules of Criminal Procedure and the parties are working together to resolve any remaining issues.

3. As reflected in the Indictment now pending against the Defendant, each Count alleged against the Defendant carries a penalty range of not less than 10 years nor more than life in prison in the event the Defendant is convicted.

4. Counsel has learned that it is necessary in cases involving such substantial potential penalties, for Counsel and the Defendant to establish the sort of attorney-client relationship where communication and trust flow both ways. In fact, it is imperative for the Defendant to enjoy the type of attorney-client relationship that the client is able to receive counsel provided and truly come to appreciate his or her legal circumstance.

5. In the case at bar, the Defendant is 21 years of age with no previous criminal history and therefore the Defendant enjoys a particular naiveté regarding the application of the law to the facts of this case as it pertains to the potentially catastrophic outcome.

6. It is imperative in cases such as this that the attorney-client relationship develop to such a degree that a Defendant remains open to counsel regarding any legal eventuality. This may include the possibility of being receptive to advice of counsel that consists of accepting a substantial term of imprisonment, the length of which is no doubt beyond the realm of this 21 year defendant's ability to appreciate. This type of relationship has yet to develop and counsel is seeking additional time to achieve justice in this matter by working with the Defendant toward that end.

7. Ultimately, Counsel asserts that there has been insufficient time before the onset of the Motion for Continuance deadline and the Plea Agreement Deadline for counsel to engage in the review, analysis, preparation, assimilation, and negotiation contemplated by the requirements of effective assistance of counsel under the Fifth and Sixth Amendments to the U.S. Constitution.

8. In order for the Defendant's Constitutional Rights to (1) Due Process under the 5th Amendment to the U.S. Constitution, and (2) both Trial by Jury and Effective Assistance

  of Counsel under the 6th Amendment to the U.S. Constitution, it would not only be necessary, it would in fact be essential for Counsel to have additional time.

9. Since the time Counsel's appointment, there has been insufficient time before the onset of the Motion for Continuance deadline and the Plea Agreement Deadline for counsel to engage in the review, analysis, preparation, assimilation, and negotiation contemplated by the Constitutional requirements recited above.

### III.

### CONCLUSION

If this Honorable Court grants this Motion for Continuance, on the "basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial"[1], Defendant and his counsel, understand that this would toll the speedy trial provisions of Title 18 § 3161.

This is the first Motion for Continuance and Defendant's counsel would state that this continuance is not sought for the purpose of delay, but rather that justice be done.

---

[1] Title 18, United States Code, § 3161(h)(7)(A).

## IV.

## **CERTIFICATE OF CONFERENCE**

Counsel for Defendant consulted with Assistant United States Attorney NATHANIEL KUMMERFELD, regarding this motion, and, given the state of the case and the negotiations, he does not oppose the granting of this motion were the Court so inclined.

## V.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant requests that this Motion For Continuance be GRANTED, and that the Court extend its previously imposed Motions deadline, the deadline by which the parties must notify the Court of a plea agreement, the Pretrial Hearings, and the Trial of this matter for a period of not less than sixty (60) days to meet the ends of justice for such cases as the instant matter.

Respectfully submitted,

 /s/ Kenneth R. Hawk, II
KENNETH R. HAWK, II
Assistant Federal Defender
Eastern District of Texas
110 N. College, Suite 1122
Tyler, Texas 75702
(903) 531-9233
FAX: (903) 531-9625
State Bar Number: 09243650
*Attorney for Defendant*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **NO. 6:18cr70** |
| | § | **(Judge Kernodle/Love)** |
| **DANIEL WAYNE LITTLE, II** | § | |

## CERTIFICATE OF SERVICE

I hereby certify that on February 19 2019, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

NATHANIEL KUMMERFELD

Email: nathanieal.kummerfeld@usdoj.gov

    /s/ Kenneth R. Hawk, II
KENNETH R. HAWK, II
Assistant Federal Defender
Eastern District of Texas
110 N. College, Suite 1122
Tyler, Texas 75702
(903) 531-9233
FAX: (903) 531-9625
State Bar Number: 09243650

1